JOHN KNIGHT, Petitioner, &c. *versus* DANIEL BEAN & *al.*

Where an appeal was dismissed because the recognizance required by the Court was not filed within the time appointed — it appearing that the appellant entered into a recognizance before the commissioner within the specified time — but that it was not seasonably transmitted to the clerk's office, leave to enter the appeal was granted upon a petition for that purpose.

The St. 1821, c. 57, regulating reviews, applies to a judgment rendered in the District Court, upon a sham demurrer, from which an appeal was claimed, but which through mistake was not entered.

THIS was a petition to enter an appeal, or for a review and new trial of the action appealed.

The petitioner in this case proved, that at the Nov. Term of the District Court, Western District, the original action between the parties was demurred, and on demurrer the plea of the defendant adjudged good — that from this judgment the petitioners appealed, and were required to find special sureties within ten days from the adjournment of the Court — that Judah Dana, Esq. was appointed commissioner to take the recognizance for the prosecution of the appeal — that the requisite papers were not forwarded to Mr. Dana, that this fact was known, on the fourth day after the adjournment — that the attorney of the plaintiff immediately sent for them and that on the tenth from the adjournment the recognizance was entered into — and immediately after, was placed in the post office, to be transmitted to the clerk's office, but that it was not received till after the expiration of the ten days specified for taking it. The appeal was entered at the next term of the Supreme Judicial Court, but was dismissed because the recognizance was not seasonably filed.

*Bradley and Deblois,* for the petitioners, cited St. 1821, c. 57, § 6; *Coffin* v. *Abbott,* 7 Mass. R. 252; *Champion* v. *Brooks,* 9 Mass. R. 228; *Raynard* v. *Bicknell,* 4 Pick. 302; *Elder* v. *Cole,* 8 Greenl. 211; *Sturtivant* v. *Greeley,* 4 Greenl. 534.

*Howard,* for the respondents. Review will not lie. St. 1821, c. 157, § 1 and 2. There is no accident or unforeseen cause, on account of which the action of this Court alone is

justified. The appeal was lost by neglect. *Williard* v. *Ward*, 3 Mass. R. 24; *Rogers* v. *Hill*, 4 Mass. R. 349.

*Per Curiam.* Under this petition for a review, it is unnecessary to go into the merits of the case. All that is required, is, that the petitioner should make affidavit, that he has merits and that he relies on them to maintain his action.

The case is not within the principle of *Elder* v. *Cole*, 8 Greenl. 211. Here there was a mere informal demurrer. The facts were not so presented before the pleadings, that the party aggrieved might have revised the judgment of the Court upon writ of error.

Though there was some omission of strict diligence yet the facts show there was such a mistake or misapprehension, as entitles the petitioner to enter his appeal.

*Leave granted to enter the appeal.*